IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH L. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 10-cv-179-DRH |
| | ) |
| **ZACK ROECKEMAN, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Joseph L. Brown, formerly detained in the Marion County Law Enforcement Center, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint[1] pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such

---

[1] Brown filed an "amended complaint" (Doc. 13), but that pleading only serves to more thoroughly identify Defendants Brown and Webb. Plaintiff Brown incorporates by reference the substantive allegations contained in the original complaint (Doc. 1). Thus, this action stands on the allegations contained in the original complaint, construing references to "Nurse Ashley" as being Defendant Ashley Webb, and references to "Nurse Sister" as being Defendant Alberta "Sissy" Brown.

relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## FACTS ALLEGED

Brown states that early 2009, he advised Defendant Morris of his need for suicide watch, but Morris refused his request. Brown then asked to speak with a crisis counselor, but Morris refused. Later that evening, Brown hung himself with the phone cord in his cell. Unspecified officers entered the cell, removed Brown from hanging, then assaulted him before putting him into a restraint chair. Brown later showed his bruised swollen arm to Defendants Brown, Webb, and unspecified officers, but none of them provided him with any medical care.

## SUICIDE WATCH

The first potential claim raised in this action is against Morris for his failure to place Brown on suicide watch as requested, thus violating his rights under the Eighth Amendment.

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S.Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). The Seventh Circuit has found that "the

need for a mental illness to be treated could certainly be considered a serious medical need." *Id.* at 734; *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983). At this time, the Court is unable to dismiss this claim against Morris.

### **ASSAULT**

The next potential claim is against the unspecified officers, John Does 1-5, who removed Brown from hanging and then assaulted him.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Brown has not yet been able to associate specific names with these individuals, but that shortcoming does not negate his claim. These identities may become available through discovery, and thus the Court will not dismiss this claim at this time.

### MEDICAL CARE

The final potential claim in this action is that Defendants Webb and Brown failed to provide him with medical treatment for his injuries, in violation of his rights under the Eighth Amendment.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno*, 414 F.3d at 653. The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996). Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007). Although Brown's allegations are brief, the Court is unable to dismiss this claim at this time.

### OTHER DEFENDANTS

In the caption of his complaint, Brown lists two unknown doctors as defendants. However, merely invoking the name of a potential defendant is not sufficient to state a claim against that

individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Brown makes no allegations, even vaguely, against any doctor, and thus these unknown defendants are dismissed from this action without prejudice.

### APPOINTMENT OF COUNSEL

Brown also has filed a motion for appointment of counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). With regard to the first step of the inquiry, Brown asserts that he has made at least some attempt to retain counsel.

With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.*; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, _ F.3d _, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). Brown's claims do not appear to be factually complex, as described above. From a legal standpoint, the litigation of any constitutional claim may fall in the range of complex. Nevertheless, Brown's complaint adequately articulates his claim. Defendants have not yet been served with process and, therefore, have not yet filed a reply or answer

to the complaint.  Future developments may change the Court's mind on whether counsel should be appointed or not.  At this early stage and time, though, the Court concludes that Brown appears to be competent to litigate his case.  Therefore, the motion for appointment of counsel is **DENIED**, without prejudice.  Brown should file another motion with the Court when he feels he is unable to handle his representation and there are examples of that fact within the case.

### DISPOSITION

**IT IS HEREBY ORDERED** that Defendants Unknown Party Medical Doctors 1-2 are **DISMISSED** from this action without prejudice.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MORRIS, WEBB** and **BROWN**.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on  Defendants **MORRIS, WEBB** and **BROWN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Marion County Law Enforcement Center who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 27, 2010.**

    /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**