# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No.: **3:10-cv-00179-JPG-PMF** |
| ZACK ROECKEMAN, *et al.* | ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the plaintiff's (Doc. 51) motion for default judgment as to defendants Joshua Morris and Alberta Brown. For the following reasons, it is RECOMMENDED that the (Doc. 51) motion for default judgment be DENIED.

The plaintiff, proceeding pro se, filed this lawsuit on March 4, 2010. Doc. 1. Shortly thereafter, the pro se plaintiff filed more pleadings, including an amended complaint. *See* Docs. 7-8, 11, 13. On December 16, 2010, service was executed on defendant Joshua Morris. *See* Doc. 39. On December 13, 2010, service was executed on defendant Alberta Brown. *See* Doc. 41. The Clerk of the Court entered default as to those defendants on January 10, 2011. *See* Doc. 50. On the same day, the plaintiff filed the instant (Doc. 51) motion for default judgment as to defendants Morris and Brown. On October 24, 2011, newly appointed counsel for the plaintiff filed an amended complaint against the defendants in this case. *See* Doc. 90.

With regard to defendant Morris, the Court has already vacated the default against him on February 16, 2011. *See* Doc. 60. Defendant Morris has since answered the complaint and the

1

most recent amended complaint. *See* Docs. 61, 97. Therefore, it is RECOMMENDED that the (Doc. 51) motion for default judgment be DENIED as to defendant Joshua Morris.

Defendant Alberta Brown is still in default as to the complaint filed by plaintiff while he was proceeding pro se and has yet to appear or file a responsive pleading. The Court observes that the plaintiff's initial pro se pleadings were mostly handwritten and somewhat convoluted. *See* Docs. 1, 7-8, 11, 13. Notably, the original complaint states the claim against defendant Brown but only demands a "cash settlement." *See* Doc. 1 at 7. The pro se amended complaint refers back to the original complaint for the allegations and makes a more specific request for relief that is, however, very difficult to understand. *See* Doc. 13 at 2.

As noted above, newly appointed counsel for the plaintiff has filed an amended complaint in this case. *See* Doc. 90. That amended complaint substantially clarified the claims against the defendants in this case. *See id*. The plaintiff's request for relief was also substantially clarified to demand:

> "judgment against the defendants, and each of them, jointly and severally, for compensatory damages in the amount of Three Million Dollars ($3,000,000.00) to be proven at trial; plaintiff's costs and attorneys' fees pursuant to 42 USC, §1988; and for such other and further relief this Court deems just and proper"

Doc. 90 at 8.

Due to the substantial clarification of the claim and request for relief as to defendant Brown, it is now apparent that there is good cause to vacate default as to defendant Alberta Brown pursuant to Federal Rule of Civil Procedure 54(c) and require the plaintiff to re-attempt service with the (Doc. 90) amended complaint. While it is possible that the present trial practice schedule of this could be jeopardized by this decision, the Court believes the interests of justice will be best served by proceeding in this manner. As a result, it is RECOMMENDED that the

Clerk's entry of default as to defendant Ashley Brown be VACATED and the (Doc. 51) motion for default be DENIED without prejudice as to defendant Alberta Brown.

**SO ORDERED.**

**DATED: <u>January 10, 2012.</u>**

<u>*/s/ Philip M. Frazier*</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**